UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10941 FMO (KSx) | Date | July 15, 2025 |
|---|---|---|---|
| Title | Southwestern Research, Inc. v. Travelers Casualty Insurance Company of America, et al. | | |

Present: The Honorable  Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:**   (In Chambers) Order Re: Motion to Remand [Dtk. 12]

Having reviewed and considered all the briefing filed with respect to plaintiff Southwestern Research, Inc.'s ("plaintiff" or "SRI") Motion to Remand (see Dkt. 12, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**BACKGROUND**[1]

Defendants removed this action from state court based on a Motion to Enforce Writ of Execution ("Writ") filed by SRI in an underlying action captioned, Lois Freidman, et al. v. John Murphy, MD, et al., Case No. SC121128 ("Underlying Action") in the Los Angeles County Superior Court. (See Dkt. 1, Notice of Removal ("NOR") at 1).

In August 2013, Lois Friedman filed the Underlying Action, a shareholder derivative action, against several defendants, including Darrell Maag ("Maag") and Southern California Research, LLC ("SCR"). (See Dkt. 13. Memorandum of Plaintiff in Support of Motion to Remand ("Memo") at 7); (Dkt. 15, Declaration of Donald Cornwell in Support of Motion ("Cornwell Decl.") at ¶ 1). Maag and SCR tendered the complaint to their liability insurance carriers – Travelers Casualty Insurance Company ("Travelers Casualty") and Travelers Property Casualty Company of America ("Travelers Property") (collectively, "defendants' or the "Travelers Entities"), and in September 2020, the Travelers Entities agreed to provide a defense. (See Dkt. 15, Cornwell Decl. at ¶¶ 7, 10).

On October 20, 2021, the state court entered default judgment in favor of SRI, against several defendants, including, Maag for $21,277,580 and SCR for $11,123,451. (See Dkt. 15,

---

[1] Because the parties are familiar with the facts, the court will repeat them below only as necessary. Capitalization, quotation and alteration marks, emphasis and formatting in record citations may be altered without notation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10941 FMO (KSx) | Date | July 15, 2025 |
|---|---|---|---|
| Title | Southwestern Research, Inc. v. Travelers Casualty Insurance Company of America, et al. | | |

Cornwell Decl. at ¶¶ 1, 13).  On May 11, 2023, the court issued an Assignment Order pursuant to California Code of Civil Procedure § 708.510, which garnished the amounts payable under the policies issued by the Travelers Entities and ordered that they be paid to SRI.  (See id. at ¶ 25); (id., Exh. 9, Assignment Order).  The Assignment Order was served on counsel for the Travelers Entities on June 2, 2023, (id. at ¶ 28), who confirmed that it "included an assignment of SCR's and Maag's 'rights to receive payment' from Travelers 'by virtue of any primary or excess liability insurance policies' issued by Travelers with respect to the judgment entered against SCR and Maag in the Lawsuit."  (Id. at ¶ 29); (id., Exh. 12, June 28, 2023, Letter, at ECF 108).  Travelers indicated that it would pay $3 million to SRI, (see id.), which it did on July 13, 2023.  (See Dkt. 15, Cornwell Decl. at ¶ 30).

However, Travelers did not pay any Supplementary Payments, i.e, prejudgment interest, due under the policies.  (See Dkt. 15, Cornwell Decl. at ¶¶ 30-31).  Thus, on August 6, 2024, SRI served the Travelers Entities with a Writ of Execution and Notices of Levy.  (See id. at ¶ 35); (Dkt. 15, Exh. 16).

On August 16, 2024, Travelers Casualty and Travelers Property filed their respective Memoranda of Garnishee.  (See Dkt. 15, Cornwell Decl. at ¶ 36); (Dkt. 15, Exh. 17); (Dkt. 1, NOR at 3).  Travelers Casualty paid to the Sacramento County Sheriff's Office (for the benefit of SRI) $1,641,804, while Travelers Property made no payment, asserting that no payments were due under the terms of the insurance policies.  (See Dkt. 1, NOR at 3); (Dkt. 15, Cornwell Decl. at ¶ 36).

On November 22, 2024, SRI filed a Motion to Enforce the Writ of Execution ("Motion to Enforce") against the Travelers Entities seeking the unpaid Supplementary Payments.  (See Dkt. 15, Cornwell Decl. at ¶ 39); (Dkt. 1, NOR at 3).  On December 19, 2024, the Travelers Entities removed the Motion to Enforce, (see Dkt. 1, NOR), contending that the garnishment issue, specifically, the Motion to Enforce, is an independent civil action.  (See id. at 3-4).

## LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10941 FMO (KSx) | Date | July 15, 2025 |
|---|---|---|---|
| Title | Southwestern Research, Inc. v. Travelers Casualty Insurance Company of America, et al. | | |

**DISCUSSION**

I.    JURISDICTION.

"Only a 'civil action' can be removed from state court to federal court." Labertew v. Langemeier, 846 F.3d 1028, 1031 (9th Cir. 2017); 28 U.S.C. § 1441(a). The threshold issue is whether the garnishment issue (see Dkt. 1, NOR), which relates to third-party insurance companies, can be deemed an independent civil action notwithstanding the fact that it was raised in the Underlying Action. Although there is a paucity of case law on this issue, the Ninth Circuit has twice addressed it and in both instances, the court found that such issues are independent civil actions for purposes of removal. See Swanson v. Liberty National Insurance Co., 353 F.2d 12, 13 (9th Cir. 1965) (affirming order denying motion to remand); Labertew, 846 F.3d at 1031-32 (finding garnishment action was a separate civil action for purposes of removal).

In Swanson, the plaintiff obtained a monetary judgment against a defendant in Alaska state court, and then initiated garnishment proceedings against the defendant's insurers in the same case. See 353 F.2d at 12. The insurers "removed the garnishment facet of the proceedings . . . asserting that the garnishment issue was an independent case or controversy[.]" Id. at 13. In upholding the district court's order denying the plaintiff's motion to remand, the Ninth Circuit explained that "the labels the case had in the state court and the fact that the whole sequence had only one case number there are not determinative of the question of whether the garnishment issue is separable from the issue of [defendant's] liability to [plaintiff] and thus can be considered an independent action." More recently, in Labertew, the Ninth Circuit addressed whether a garnishment proceeding that arose under Arizona law was removable. See 846 F.3d at 1031. In that case, Arizona state court plaintiffs settled with and stipulated to a judgment against a defendant, who assigned to plaintiffs her rights against her insurance companies. See id. at 1030. After the plaintiffs applied in state court for writs of garnishment against the insurers, the insurers removed the garnishment proceeding. See id. Relying on Swanson, the Ninth Circuit held that the garnishment was a separate civil action for purposes of removal. See id. at 1031-32.

Plaintiff contends that because California law "provides that [garnishment] proceedings are only ancillary or supplemental judgment enforcement in the underlying action," (see Dkt. 13, Memo at 11-12), Swanson and Labertew are not controlling. (See id. at 12). However, the Ninth Circuit noted that "separability, so far as it affects removal, is in the end a federal question." Swanson, 353 F.2d at 13 ("Alaska has not yet 'characterized' the nature of its garnishment proceedings. We think that when it does, its view would be entitled to great weight, but we subscribe to the view that the separability, so far as it affects removal, is in the end a federal question."); see Labertew, 846 F.3d at 1031 (noting same). That is, differences in state laws regarding the nature of garnishment proceedings are immaterial. Consistent with Ninth Circuit authority, the court finds that the garnishment proceedings are removable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10941 FMO (KSx) | Date | July 15, 2025 |
|---|---|---|---|
| Title | Southwestern Research, Inc. v. Travelers Casualty Insurance Company of America, et al. | | |

II.  TIMELINESS.

Plaintiff contends that even if the garnishment issue was removable, the Travelers Entities' removal was untimely.  (See Dkt. 13, Memo at 16-20).

Section 1446(b)(1) of Title 28 of the United States Code[2] requires a defendant to remove a case "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  This 30-day removal period "is triggered if the case stated by the initial pleading is removable on its face." Kuxhausen v. BMW Financial Services NA LLC, 707 F.3d 1136, 1139 (9th Cir. 2013) (internal quotation marks omitted).  In other words, "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."  Id. (internal quotation marks omitted).  However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Additionally, "a case may not be removed [on the basis of diversity jurisdiction] more than 1 year after commencement of the action[.]"  28 U.S.C. § 1446(c)(1).

While the time limits are procedural rather than jurisdictional, they are "mandatory and a timely objection to a late petition will defeat removal[.]"  Smith v. Mylan, Inc., 761 F.3d 1042, 1045 (9th Cir. 2014) (internal quotation marks omitted); Friedenberg v. Lane County, 68 F.4th 1113, 1121 (9th Cir. 2023).  Indeed, the statutory removal deadline "must be strictly complied with, and is to be narrowly construed."  United States ex rel. Walker v. Gunn, 511 F.2d 1024, 1026 (9th Cir. 1975); Kang v. Allied Consultants, Inc., 2021 WL 1010629, *1 (C.D. Cal. 2021) (same).

Here, plaintiff contends that the Assignment Order was the initial pleading triggering removal because it was, "by definition, a 'garnishment' of Travelers indebtedness to SCR and Maag under the insurance policies – and presented the same 'garnishment issue' which Travelers removed on December 19, 2024."  (See Dkt. 13, Memo at 17-18).  The court agrees.  The Assignment Order set forth the amount of SRI's unpaid judgment claims ($11,123,451 as to SCR and $21,277,580 as to Maag), (see Dkt. 15, Exh. 9, Assignment Order), which no doubt established the jurisdictional threshold for diversity jurisdiction.  See 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States[.]").  Morever, the Assignment Order was binding on the Travelers Entities upon service.  See Cal. Civ. P. Code § 708.540 ("The rights of an obligor are not affected by an order assigning the right to payment until notice of the order is received by the obligor.").  As the Ninth Circuit has noted, once

---

[2] Unless otherwise indicated, all code references are to Tile 28 of the United States Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10941 FMO (KSx) | Date | July 15, 2025 |
|---|---|---|---|
| Title | Southwestern Research, Inc. v. Travelers Casualty Insurance Company of America, et al. | | |

served, an obligor "can challenge an assignment order[.]" PNC Equipment Finance, LLC v. Carr, 2023 WL 2523833, *1 (9th Cir. 2023). Accordingly, the garnishment issue was removable upon service of the Assignment Order.

The Assignment Order was served on counsel for the Travelers Entities on June 2, 2023, (Dkt. 15, Cornwell Decl. at ¶ 28), who confirmed that it "included an assignment of SCR's and Maag's 'rights to receive payment' from Travelers 'by virtue of any primary or excess liability insurance policies' issued by Travelers with respect to the judgment entered against SCR and Maag in the Lawsuit." (Id. at ¶ 29); (id., Exh. 12, June 28, 2023, Letter, at ECF 108). Because the Travelers Entities were served with the Assignment Order on June 2, 2023, (see Dkt. 15, Cornwell Decl. at ¶ 28); (id., Exh. 11) (June 2, 2023, email from counsel stating, "I am authorized to accept service of the Assignment Order on behalf of Travelers. If you email it to me, we'll agree that is service on Travelers."), the removal of the garnishment issue on December 19, 2024, was untimely under both the 30-day and one-year removal deadlines. See 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."); 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action[.]").

The Travelers Entities argue that while the Assignment Order "created obligations for" them, (see Dkt. 16, Opp at 16), the case was not yet removable." (See id. at 16-17). Among other things, they contend that the Assignment Order did not create "an obligation for [them] to respond[,]" (see id. at 17), since there was no summons. (Id.). However, the authority they cite, Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999), did not involve garnishment proceedings, and instead involved service or lack thereof of a complaint. See id. at 1325. In other words, it did not involve removal of garnishment proceedings, which are part of an underlying state court action. Moreover, as noted above, upon service of the Assignment Order, the Travelers Entities were permitted to challenge it. See Cal. Civ. P. Code § 708.540 ("The rights of an obligor are not affected by an order assigning the right to payment until notice of the order is received by the obligor."); Carr, 2023 WL 2523833, at *1 (Once served, an obligor "can challenge an assignment order[.]").

The Travelers Entities also argue that the Assignment Order was not removable because it was "indeterminate regarding the amount in controversy." (See Dkt. 16, Opp. at 17). This contention is without merit. As plaintiff points out, plaintiff "continuously maintained that Travelers [was] obligated to pay the full amount of the judgment to SRI by virtue of [its] rejection of a policy limits settlement demand[,]" (see Dkt. 18, Reply at 11), and the Assignment Order, required Travelers to pay SRI all amounts "with respect to the judgment entered against SCR and Darrell Maag in this action[,]" which as of March 13, 2023, was $11,123,451 and $21,277,580,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10941 FMO (KSx) | Date | July 15, 2025 |
|---|---|---|---|
| Title | Southwestern Research, Inc. v. Travelers Casualty Insurance Company of America, et al. | | |

respectively. (See id.); (Dkt. 15, Exh. 9, Assignment Order at 2-3).

Finally, the Assignment Order required the payment of Supplementary Payments. (See Dkt. 18, Reply at 11); (Dkt. 15, Exh. 9, Assignment Order at 2-3). Even if the Assignment Order was "indeterminate" as the Travelers Entities contend, (see Dkt. 16, Opp at 17), removal was nonetheless untimely because they received correspondence from plaintiff between October 27, 2024, and March 20, 2024, updating SRI's Supplementary Payments claims ranging from $5,481,521 and $6,227,168 – well beyond the $75,000 amount in controversy threshold. (See Dkt. 18, Reply at 13); (Dkt. 15, Exh. 14, March 20, 2024, Letter at ECF 132); 28 U.S.C. 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."); see, e.g., Kuxhausen, 707 F.3d at 1141-42 ("A state court demand letter generally can qualify as other paper within the meaning of section 1446(b).") (internal quotation marks omitted). Thus, the court finds that removal in this action was untimely.

In sum, given that any doubt regarding the right of removal must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that the Travelers Entities have established that removal was proper.[3] "Where doubt regarding the right to removal exists, a case should be remanded to state court." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1118 (9th Cir. 2004) (internal quotation marks omitted).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's Motion **(Document No. 12)** is **granted in part**. The Motion is denied as to fees.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles.

---

[3] Plaintiff requests attorney's fees in connection with its Motion. (See Dkt. 10, Memo at 20-21). Section 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). Here, the court finds that defendants did not lack an objectively reasonable basis for removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 24-10941 FMO (KSx)** | Date | **July 15, 2025** |
|---|---|---|---|
| Title | **Southwestern Research, Inc. v. Travelers Casualty Insurance Company of America, et al.** | | |

3. The Clerk shall send a certified copy of this Order to the state court.

4. Any pending motion is denied as moot.

Initials of Preparer         vdr